ACCELERATED JOURNAL ENTRY and OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. Appellants, Lawrence Y. Ho and Connie Ho (the "Hos"), appeal the trial court's decision granting summary judgment in favor of appellee, State Farm Fire Casualty Company ("State Farm"), on the Hos' claim for bad faith. However, because there is no final appealable order, this court lacks jurisdiction and the appeal is dismissed.
 {¶ 2} The Hos originally filed a lawsuit against Roth Construction Company ("Roth") and State Farm, alleging that they incurred medical problems as the result of their exposure to the chemicals used by Roth when it deodorized their home after a chimney fire and alleging that State Farm was vicariously liable for Roth's negligence. In the same lawsuit, the Hos sued Unsmoke Systems, Inc. and II Rep-Z, Inc. ("Unsmoke"), the manufacturers of the chemical used by Roth. The Hos later dismissed their lawsuit and refiled it, alleging, in addition to the claims in the original suit, that State Farm acted in bad faith in denying their claims for loss incurred to their personal property. In connection with the refiled suit, the Hos entered into a settlement agreement with Roth and Unsmoke, dismissing their claims as to Roth and Unsmoke, and leaving only Unsmoke's counterclaim against the Hos and the Hos' bad faith claim against State Farm. The trial court referred Unsmoke's counterclaim as to defamation only against the Hos to arbitration and set the Hos' bad faith claim against State Farm for trial. On January 28, 2004, an arbitration award was issued on Unsmoke's defamation claim against the Hos. Thereafter, on February 9, 2004, the trial court granted State Farm's motion for summary judgment, holding in pertinent part as follows:
 {¶ 3} "Pursuant to the Ohio Supreme Court decision in Zoppo v. Homestead Insurance Company [sic], 71 Ohio St.3d 552, 644 N.E.2d 397, a bad faith claim against an insurance company requires (1) denial of a claim (2) without reasonable justification. In the case at bar, plaintiff failed to make a formal demand as required by the policy for the initiation of a claim. No formal claim for the damage caused by contamination was ever created. State Farm therefore did not deny plaintiff's [sic] claim, let alone deny the claim in bad faith. Assuming arguendo that plaintiffs' [sic] made a valid claim, the report provided to State Farm by Electro-Analytical furnished reasonable justification for the denial of the purported claim."
 {¶ 4} On February 25, 2004, Unsmoke filed an appeal to the arbitration award. On March 8, 2004, the Hos filed their notice of appeal as to the trial court's decision granting summary judgment to State Farm. Well after the record was transmitted to this court on appeal, the trial court issued a judgment entry including language pursuant to Civ.R. 54(B) as to its decision granting State Farm summary judgment. Moreover, there is nothing in the record that demonstrates that the trial court disposed of or otherwise addressed the remaining counts of Unsmoke's counterclaim (i.e., malicious use of civil proceedings and commercial disparagement) against the Hos. These remaining counterclaims, coupled with the pending arbitration appeal and the absence of Civ.R. 54(B) language, require that the appeal be dismissed for lack of jurisdiction.
Appeal dismissed.
This appeal is dismissed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Karpinski, J., concur.